UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DWAYNE HARVEY,

              Plaintiff,                         **MEMORANDUM AND ORDER**
                                                              16-CV-00901 (RRM) (LB)

        - against -

CITY OF NEW YORK; NEW YORK CITY
POLICE DEPARTMENT; OFFICER SCOTT
MUNRO; and OFFICER TIMOTHY KESSLER,

              Defendant.
------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

        On February 29, 2016, *pro se* plaintiff Dwayne Harvey commenced this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights and various state law claims against defendants the City of New York (the "City"), the New York City Police Department (the "NYPD"), Officer Scott Munro, and Officer Timothy Kessler (collectively the "City defendants"). (*See generally* Compl. (Doc. No. 1); Am. Compl. (Doc. No. 6).) On March 6, 2017, the City defendants moved to dismiss Harvey's amended complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. (*See* Mot. (Doc. No. 27).) Despite proper service, Harvey did not file any opposition to the motion. (*See* Decl. Serv. (Doc. Nos. 23, 29).) For the reasons set forth herein, the City defendants' motion to dismiss is granted, and the case is dismissed with leave to amend in accordance with the instructions set forth below.

## BACKGROUND

        The following facts are considered true for purposes of this motion to dismiss. On August 4, 2015, Harvey was taken into custody by Officer Munro after failing a series of field

sobriety tests. (Am. Compl. at ¶ 5.) Thereafter, Harvey was transported to the 112th Precinct where Officer Kessler administered a breath alcohol test using an Intoxilyzer 5000EN device (the "breathalyzer"). (*Id.*) After several attempts at administering the test, Harvey blew .082% blood alcohol concentration ("BAC"). (*Id.*) Harvey alleges that a physical disability and Chronic Pulmonary Obstruction Disease ("C.O.P.D.") prevented him from properly taking the field sobriety and breathalyzer tests. (*Id.*) As a result of the breathalyzer test, Harvey was arrested and charged with operating a vehicle while under the influence. (*Id.*) The criminal charges resulting from the arrest ultimately were dismissed. (Am. Compl. at ¶ 6.)

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). The Court assumes the truth of the facts alleged, and draws all reasonable inferences in the nonmovant's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

When a plaintiff proceeds *pro se*, the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89,

94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris*, 572 F.3d 66 at 72 (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Notwithstanding the liberal pleading standards granted to a *pro se* plaintiff, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York*, 956 F. Supp. 257, 260 (E.D.N.Y. 1995). Where a *pro se* plaintiff has altogether failed to satisfy a pleading requirement and the allegations in the complaint do not raise a plausible claim to relief, dismissal is warranted. *See Twombly*, 550 U.S. at 558; *see also Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997) (citation omitted).

## DISCUSSION

### I. § 1983 Claims[1]

Harvey alleges § 1983 false arrest claims against Officer Munro and Officer Kessler. "A § 1983 claim for false arrest is substantially the same as a false arrest claim under New York law." *Diop v. City of New York*, 50 F.Supp.3d 411, 418 (S.D.N.Y. 2014) (citing *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)). Under New York law, the elements of a false arrest claim are "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not

---

[1] Harvey alleges claims against the City and the NYPD. To establish municipal liability under § 1983, a plaintiff must establish that the violation of his constitutional rights resulted from a municipal custom, policy, or practice. *See Vann v. City of New York*, 72 F.3d 1040, 1049 (2d Cir. 1995) (collecting cases). Here, Harvey has not set forth any facts that suggest the alleged police misconduct was the result of a municipal policy, custom, or practice. Accordingly, all claims against the City are dismissed, with leave to amend in compliance with Rule 12(b)(6).

In addition, the NYPD is a non-suable entity, and therefore, Harvey's claims against the NYPD are dismissed with prejudice. *See Jenkins v. City of New York*, 478 F.3d 76, 93 n. 19 (2d Cir. 2007) ("[t]he New York City Police Department is an organizational subdivision of the City of New York, lacking independent legal existence and as such is not a suable entity.")

3

otherwise privileged." *Id.* (quoting *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). Only the fourth element, which alludes to probable cause, is in dispute.

The existence of probable cause to arrest "is a complete defense to an action for false arrest, whether that action is brought under state law or under Section 1983." *Weyant*, 101 F.3d at 852 (internal citation omitted). Probable cause exists, "when the officers have knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested." *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010). The law does not require police officers to explore and eliminate every theoretically plausible claim of innocence before making an arrest. *See Cerrone v. Brown*, 246 F.3d 194, 203 (2d Cir. 2001). What is required is a "probability or substantial chance of criminal activity, not an actual showing of such activity." *United States v. Valentine*, 539 F.3d 88, 94 (2d Cir. 2008) (citation omitted).

Here, it is undisputed that the result of a breathalyzer test showed Harvey had a BAC of .082%. (Am. Compl.) *See* N.Y. Veh. & Traf. Law § 1192(2) ("No person shall operate a motor vehicle while such person has .08 of one per centum or more by weight of alcohol in the person's blood . . ."). Harvey argues that his physical disabilities, which allegedly necessitated multiple attempts to produce a result from the breathalyzer test, rendered the test insufficient to provide probable cause. However, "probable cause does not require that the police rule out innocent explanations for the suspect's activities." *Peterec v. Hilliard*, No. 12-CV-3944 (CS), 2014 WL 6972475, at *5 (S.D.N.Y. Dec. 8, 2014) (citing *Carthew v. Cnty. of Suffolk*, 709 F.Supp.2d 188, 199 (E.D.N.Y. 2010)). Whether or not the officers were aware of Harvey's alleged disabilities at the time of arrest, the results of the breathalyzer test provided probable cause to believe that he

was driving under the influence of alcohol. *See Costello v. Milano*, No. 12–CV–7216 (CS), 2014 WL 1794886, at *11 (S.D.N.Y. May 6, 2014). Accordingly, Harvey's § 1983 claims for false arrest and false imprisonment are dismissed.

## II. State Law Claims

Harvey's New York state law claims against City employees for actions undertaken within the scope of their employment are dismissed for failure to state a claim. In order to survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Here, Harvey has not alleged any facts in support of his state law claims. As such, the claims are dismissed.

In addition, a "notice of claim is a condition precedent to the filing of an action against an employee of the City of New York." *Jean-Laurent v. Wilkerson*, 461 Fed. App'x 18, 24 n.3 (2d Cir. 2012). Pursuant to N.Y. Gen. Mun. Law § 50-e(1)(a), a notice of claim must be filed within 90 days after the claim arises. *Id.* Additionally,

> pursuant to Section 50-i, a plaintiff must plead in the complaint that: (1) the notice of claim was served; (2) at least thirty days has elapsed since the notice of claim was filed and before the complaint was filed; and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim.

*Canzoneri v. Inc. Vill. of Rockville Ctr.*, 986 F. Supp. 2d 194, 206 (E.D.N.Y. 2013). "The plaintiff[] bear[s] the burden of demonstrating compliance with the notice of claim requirement." *Id.* Harvey has not met this burden, and therefore, his state law claims against City employees are dismissed.

### III. Leave to Amend

In light of Harvey's *pro se* status, Harvey is granted thirty (30) days leave to amend to plead his claims in satisfaction of Rule 12(b)(6).[2] Should Harvey seek to avail himself of this opportunity, he shall file a proposed second amended complaint, so captioned and bearing the same docket number, and shall plead sufficient facts to support any such claims. To bring his state law claims Harvey must meet all New York pleading requirements and plead sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. To bring claims against the City, Harvey must plead facts sufficient to allege a relevant municipal policy, custom or practice. Harvey also shall file a brief memorandum of law as to why such an amendment raises a proper claim and is not futile. In the event Harvey seeks to amend, the City defendants will be given an opportunity to address whether the proposed motion meets the pleading requirements of Rule 12(b)(6).

### CONCLUSION

For the reasons set forth above, the City defendants' motion to dismiss (Doc. No. 25) is granted. Harvey's false arrest claims and claims against the NYPD are dismissed with prejudice. As to his remaining state law and municipal liability claims, Harvey is granted thirty days leave to amend.

The Clerk of Court is directed to send Harvey a copy of this Memorandum and Order at the address listed on the docket, and note the mailing on the docket.

---

[2] Harvey's false arrest claim and claims against the NYPD are dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
     Oct 26, 2017

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge